**Application of SHAWNEE AIRLINES, Inc. (No. 2).**
Docket No. 73585-ACC. Order No. 11494.
Florida Public Service Commission.
June 14, 1974.

James E. Wharton, William C. Martin and Thomas C. Garwood, all of Orlando, for the applicant.

Richard J. McCrory, St. Petersburg, for Air Florida, Inc., protestant.

W. Robert Olive, Jr., Tallahassee, for Jet Florida Airlines, Inc., protestant.

Chairman WILLIAM H. BEVIS, Commissioners WILLIAM T. MAYO and PAULA F. HAWKINS participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to notice, the commission by its duly designated chief hearing examiner, H. E. Smithers, held public hearings on this matter in Winter Park and Miami on November 9 and 14, 1973.

The examiner's recommendation was duly served on all the parties. Exceptions to the recommendation were filed with the commission. Oral argument was heard on the exceptions on May 13, 1974. The entire record herein, including the application, the testimony, adduced at the public hearing, the exceptions to the examiner's recommendation and oral argument heard thereon, has

been examined by the full commission. After due consideration, the commission now enters its order in this cause.

By this application, Shawnee Airlines, Inc. (Shawnee), seeks authority to transport passengers and property intrastate as an air carrier pursuant to §§330.45-.53, F.S., between Tampa, Orlando, West Palm Beach and Fort Lauderdale.

Shawnee is one of the better known intrastate air carriers having operated in Florida from 1968 to December, 1972. Its suspension of "scheduled operations" to April 1, 1973, caused it to lose its "grandfather" rights (Docket No. 73007-ACC, Orders No. 10900 and No. 11024). During that time Shawnee was reorganized, and its new owner put the company back on a sound financial footing. Apparently, since April 1, 1973, Shawnee has been providing scheduled flights between the Orlando, West Palm Beach and Fort Lauderdale airports as part of its service to Freeport and Nassau under exemption from CAB (Part 298) regulation. Thus, in effect, Shawnee seeks the approval of its present intrastate operations and to add one flight a day each way between Tampa, on the one hand, and, on the other, the cities of Orlando, West Palm Beach and Fort Lauderdale. The applicant is fully qualified to provide the service and meets all the requirements contemplated by §330.49 (6), (a)-(f), F.S.

The applicant presented eighteen witnesses from Orlando, Tampa/St. Petersburg, Miami/Fort Lauderdale, West Palm Beach and Freeport. These witnesses were typical of the users of air carrier service, to wit, travel agents, car rental agencies, insurance companies, hotels/motels, and other similar businesses having offices at multiple locations. The evidence presented by those witnesses was aimed primarily at the cities named in the application and any authority granted herein will be so restricted. Since the application is protested only as to the Orlando-Tampa portion as discussed more fully below, it is sufficient to say that the service is needed and would be used. This evidence supports the matters required to be considered by the commission under §330.49(6), (f)-(i), F. S.

Protestant Air Florida, Inc.'s (Air Florida), opposition evidence was aimed at the Orlando-Tampa proposed flights. It contends it operates that service at a loss although it admits that the primary purpose of those flights is for positioning airplanes for use in other flights. Further, where Air Florida operates an Orlando to Tampa evening flight, Shawnee proposes a morning flight; and where Air Florida's Tampa to Orlando flight departs at 6:45 p.m., Shawnee proposes to depart at 8:00 p.m.

Protestant Jet Florida presented no evidence and, therefore, its opposition is entitled to little, if any, weight. Official notice is

taken of Docket No. 73130-ACC, Order No. 11237, in which Jet Florida was granted, subject to certain conditions, authority to to serve Tampa-Fort Lauderdale and Orlando-Fort Lauderdale, which directly conflicts with Shawnee's proposed service. However, the commission also in that order granted other duplicitous authority to both Air Florida and Jet Florida.

The motion to dismiss presented by the protestant, Air Florida, at the close of the applicant's case, is denied. In the previous consideration, the commission gave a liberal interpretation to the new law so as to offer the most flexible air carrier service to the public (Order No. 11237). This interpretation also requires the grant of this application.

From the foregoing, the commission concludes that Shawnee possesses the needed business experience in the field of air operations; possesses the financial stability for such operation; has available the normal insurance coverage required and the aircraft proposed to be used are adequate and desirable; that Shawnee will provide economical and adequate service to the communities involved; that there is a need for such service and it will not adversely affect any regional or statewide transportation plan.

It is therefore ordered that the application of Shawnee Airlines, Inc., 241 North Crystal Lake Drive, Orlando, Florida, be and the same is hereby approved and that Air Carrier Certificate No. 12-ACC be issued so as to authorize the transportation of passengers, baggage and property as a class 3 air carrier between Tampa, Orlando, West Palm Beach and Fort Lauderdale either by direct routes or flights between any two cities or by routes or flights involving any combination of more than two cities.

It is further ordered that the above grant of authority be restricted, in the public interest, to service between only those cities set forth above, as authorized by §330.49(3), Florida Statutes.

It is further ordered that the grant of this authority be conditioned upon the following conditions: that said applicant file with this commission within 180 days from the date of this order evidence of Federal Aviation Administration certification; and thereafter commence full operation within 30 days of Federal Aviation Administration certification; otherwise, the grant of this authority shall be null and void.

By order of Chairman WILLIAM H. BEVIS, Commissioner WILLIAM T. MAYO and Commissioner PAULA F. HAWKINS, as and constituting the Florida Public Service Commission, this 14th day of June, 1974.

*J. Mabry Ervin*
Executive Director